**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob L. Hanks,<br><br>    Plaintiff,<br><br>v.<br><br>Maricopa County Recorder's Office, *et al.*,<br><br>    Defendants. | No. CV-21-02174-PHX-JJT<br><br>**ORDER** |

    Nine Motions are pending before the Court in this matter: [1] Defendant Maricopa County Recorder's Office's ("MCRO") Motion to Dismiss (Doc. 7); [2] Defendant Bank of America NA's ("BofA") Motion to Dismiss (Doc. 8); [3] *pro se* Plaintiff Bob L. Hanks's Motion for Findings of Fact, Conclusions of Law, and an Appropriate Judgment Thereon, Pursuant to F.R.Civ.P., Rule 52(a) and Request for Judicial Notice, Rules of Evidence Rule 201(c)(2) (Doc. 30); [4] Plaintiff's Motion to Declare "Affidavit of Scriveners's [sic] Error" Invalid or Void for Cause (Doc. 32); [5] Defendants U.S. Bank Trust, N.A., Caliber Home Loans, Inc., and LSF9 Master Participation Trust's (collectively, "Caliber Defendants") Motion to Dismiss (Doc. 35); [6] Plaintiff's Application for Entry of Default of Defendant Harper (Doc. 60); [7] Plaintiff's Motion for Partial Summary Judgment of Declaratory Judgment on Invalid Recorded Criminal Filing by Defendant First for Cause (Doc. 69); [8] Caliber Defendants' Motion to Quash Lis Pendens (Doc. 71); and [9]

Plaintiff's Motion to Set Hearing on Criminal Filing by Defendants for Cause (Doc. 73). The Court resolves these Motions without oral argument. LRCiv 7.2(f).

As BofA contends in its Motion to Dismiss (Doc. 8), Plaintiff already brought a nearly identical suit to the present one, which District of Arizona Judge Rayes dismissed; the Ninth Circuit affirmed Judge Rayes's decision. (*E.g.*, Doc. 8-3 at 21-26, Order in Case No. 19-cv-03174-PHX-DLR.) The present suit, bringing claims that were brought or could have been brought in the prior lawsuit, would thus be barred by the principles of *res judicata*.

However, the Court cannot reach that argument because it lacks subject matter jurisdiction over this matter. Federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

In the Complaint (Doc. 1, Compl.), Plaintiff only raises claims under state law, so federal question jurisdiction is lacking. Plaintiff alleges that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 (Compl. ¶ 3), which exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There must be "complete diversity" among the parties; Plaintiff may not be a citizen of the same state as any Defendant. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Plaintiff himself concedes that complete diversity is lacking by alleging that only "some Defendant entities are located in other states." (Compl. ¶ 3.) Specifically, according to the allegations in the Complaint, Plaintiff and Defendants MCRO and Christina Harper are all citizens of Arizona. (Compl. ¶¶ 4-6.)

As a result, diversity jurisdiction is also lacking, and the Court must dismiss this case for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** denying as moot all pending Motions in this matter (Docs. 7, 8, 30, 32, 35, 60, 69, 71, 73).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment dismissing this action for lack of subject matter jurisdiction and to close this case.

Dated this 10th day of June, 2022.

Honorable John J. Tuchi
United States District Judge